# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

PAMELA KATHLEEN TURNER,     )
                            )
            Plaintiff,      )
                            )
v.                          )     Case No. CIV-14-263-RAW-KEW
                            )
CAROLYN W. COLVIN, Acting   )
Commissioner of Social      )
Security Administration,    )
                            )
            Defendant.      )

## REPORT AND RECOMMENDATION

Plaintiff Pamela Kathleen Turner (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### **Claimant's Background**

Claimant was born on May 8, 1959 and was 53 years old at the time of the ALJ's decision. Claimant completed his education to include two masters degrees - in education and administration. Claimant has worked in the past as a school teacher and loan officer. Claimant alleges an inability to work beginning October 1, 2010 due to limitations resulting from arthritis, joint pain and

swelling, Sjogren's Syndrome, Hashimoto's thyroiditis, lupus, fibromyalgia, loss of memory, and loss of strength and grip.

## Procedural History

On October 8, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 19, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Jennie R. McLean in Oklahoma City, Oklahoma. On September 4, 2012, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the decision on April 30, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work as a loan officer. At step five, the ALJ also determined Claimant retained the RFC to perform a limited range of sedentary work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical opinion of Claimant's treating physician; and (2) making a credibility determination which was contrary to law and not supported by substantial evidence. Claimant also asserts the Appeals Council erred by failing to consider and include in the medical record the report of an environmental medicine specialist.

**Evaluation of the Opinion of the Treating Physician**

In his decision, the ALJ determined Claimant suffered from the severe impairments of autoimmune disease, pituitary microadenoma, and Hashimoto's thyroiditis. (Tr. 21). The ALJ also found Claimant retained the RFC to perform a limited range of sedentary work. In so doing, the ALJ determined Claimant could occasionally lift/carry 10 pounds and frequently lift/carry less than 10 pounds; could stand/walk for two hours in an eight hour workday and sit for six hours in an eight hour workday; engage in unlimited pushing and pulling up to the weight specified; never climb ladders, ropes, or scaffolds; and occasionally climb stairs and ramps, balance, kneel, crouch, crawl, and stoop. (Tr. 23). At step four, the ALJ determined Claimant could perform her past relevant work as a loan officer. (Tr. 30). As a result, the ALJ found Claimant was not disabled from October 1, 2010 through the date of the decision.

(Tr. 31).

Claimant contends the ALJ failed to properly evaluate the opinion of her treating physician, Dr. Modhi Gude, an endocrinologist. On June 18, 2012, Dr. Gude stated in a "to whom it may concern" notation in his progress notes that Claimant was under his care and was diagnosed with Multinodular goiter due to Hashimoto's Thyroiditis and pituitary microadenoma with hypopituitarism. The conditions caused Claimant to have extreme fatigue and would cause her to miss work "very frequently." Dr. Gude also stated Claimant would get frequent headaches for which she was referred to a neurosurgeon due to the pituitary microadenoma. (Tr. 619). Dr. Gude provided a list of all of Claimant's conditions including asthenia, multinodular goiter, hypopituitaryism, fibromyalgia, postmenopausal osteoporosis risk, memory loss and headache, Hashimoto's Thyroiditis, post-traumatic hypopituitarism, Sjogren's Disease, and pituitary microadenoma. (Tr. 620).

In her decision, the ALJ gave Dr. Gude's opinion "moderate weight." She stated that the opinion was due this reduced weight because hypothyroidism "can be controlled with medication" by taking "a small pill daily." The ALJ also found Dr. Gude's opinion to be probative but not determinative on the issue of disability.

6

(Tr. 30).

The ALJ's first justification for rejecting providing controlling weight to Dr. Gude's opinions smacks of preferring her own medical opinion over the opinion of the medical professional without support. Clearly, an ALJ cannot substitute his own medical opinion for that of a claimant's treating physician. Miller v. Chater, 99 F.3d 972, 977 (10th Cir. 1996). Additionally, the ALJ does not address the myriad of conditions which Dr. Gude stated contributed to Claimant's fatigue and restrictions on working – only the hypothyroidism. The second basis for giving Dr. Gude's opinion reduced weight reflects a fundamental misunderstanding of his opinion. Dr. Gude only estimated the amount of work Claimant would miss not whether she was disabled. It certainly was within his expertise for Dr. Gude to provide such an opinion without invading the reserved province of the Commissioner. Moreover, although not specifically argued by Claimant, it does not appear the ALJ engaged in the proper analysis for giving Claimant's treating physician's opinion reduced weight. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). (quotation omitted). On remand, the ALJ shall remedy these deficiencies.

### Credibility Analysis

Claimant also challenges the sufficiency of the ALJ's

evaluation of her credibility. The ALJ cited to the factors relevant to the credibility inquiry. (Tr. 28). She then recited Claimant's testimony that the pain medication did not help with the pain and that Claimant suffered from exhaustion and joint pain. (Tr. 29). The ALJ concluded that Claimant's daily activities "are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." She then recited Claimant's various activities including a family vacation to Alaska in 2010, a trip to Ontario, California in 2011, travel to Oklahoma City one or two times per month, every month, a trip to DeSoto, Texas in 2012, and her travel to doctor's appointments in Plano, Texas every three to four months. The ALJ concluded this activity was inconsistent with Claimant's testimony that she could not perform her job as a loan officer because she could not sit at a computer long enough. Id.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility

include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ's analysis of Claimant's testimony and the lack of support for the level of limitation to which she testified in the

record is supported by substantial evidence. No error is attributed to this analysis.

**Appeals Council Consideration of Specialist**

Claimant contends she submitted additional evidence to the Appeals Council, including a letter dated January 31, 2014 from Dr. William J. Rea. Dr. Rea performed an environmental medicine study on Claimant and concluded that she must avoid exposure to incitants, including petrochemicals, solvents, cleaners, pesticides, perfumes, fragrances, cleaning products, carpeting, cigarette smoke, minimal variations in heat and cold, vinyl and upholstered furniture, clothing and fabrics, unfiltered air, unfiltered water, photocopier chemicals and supplies, dust and mites, pollens, molds, formaldehyde-based materials, car exhaust, heavy metals, and other compounds. Dr. Reas concluded that "[e]ven casual exposures to any of these commonly encountered environmental agents can be detrimental to this patient's health." He recommended that Claimant "rigidly avoid public buildings or any physical environment where exposure may occur." (Attachment to Plaintiff's Opening Brief).

The Appeals Council "looked at" these records, among other additional exhibits, but declined to consider them because the report "is about a later time" than the relevant period considered

by the ALJ.  Evidence that is new, material, and chronologically relevant may be submitted to the Appeals Council.  Dr. Rea's report arguably related to conditions which existed during the relevant period considered by the ALJ.  Without the evidence in the record, however, this Court cannot review the Appeals Council's determination.  <u>Chambers v. Barnhart</u>, 389 F.3d 1139, 1142 (10th Cir. 2004).  On remand, the ALJ shall consider Dr. Rea's report, so long as it is introduced into the record on remand.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of August, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE